## APPEAL OF ARTHUR KAISER.

Docket No. 1289.    Submitted April 27, 1925.    Decided September 9, 1925

 1. The taxpayer changed from a cash to an accrual basis of accounting and claimed some $12,000 of accounts receivable at the opening of the books on the accrual basis. The Commissioner found a lesser amount. *Held*, that the evidence does not sustain the taxpayer in the amount claimed.
 2. Traveling expenses clearly shown to have been paid by a taxpayer in connection with his business are deductible.

*John E. McClure, Esq.*, for the taxpayer.
*B. H. Saunders, Esq.*, for the Commissioner.

### Before JAMES, SMITH, and TRUSSELL.

This is an appeal from the determination of a deficiency in income tax for the years 1919, 1920, and 1921, in a total amount of $2,336.41.

### FINDINGS OF FACT.

The taxpayer is an individual carrying on a merchandising business in the City of Evansville, Ind. During the taxable years here in question he kept books of account upon the basis of cash receipts and disbursements, and did not keep the ordinary ledger accounts involved in the keeping of books on an accrual basis, namely, accounts receivable and payable, and inventories, nor did he close his books in the ordinary way through a profit and loss account, or keep books showing a balance sheet of assets and liabilities.

92208—26——39

In making his income-tax returns the taxpayer returned cash received less cash disbursed, plus or minus the difference in inventories taken on a memorandum basis between the beginning and end of the year.

In the audit of the taxpayer's returns, the Commissioner determined that inventories were necessary to reflect the taxpayer's net income, that net income was not properly reflected by the basis upon which the taxpayer made his returns, and attempted to take into account adjustments on account of receivables and payables for each of the several years in question. In so doing, the Commissioner assumed the taxpayer's accounts receivable as of January 1, 1919, to be $1,717.75, this being the total amount of accounts receivable of which an examining revenue agent was able to find any record at the time of making his examination in 1923.

During the taxable years 1919 and 1920, the taxpayer spent, respectively, $313.40 and $751.05, in connection with his business, which amounts were disallowed by the Commissioner as deductions, on the ground that they were personal expenses.

### DECISION.

The deficiency should be computed in accordance with the following opinion. Final determination will be settled on consent or on 10 days' notice, in accordance with Rule 50.

### OPINION.

JAMES: The taxpayer contends that he should be permitted to increase the amount of accounts receivable as of the beginning of 1919, in connection with the adjustment made by the Commissioner to determine his net income, to approximately $10,000 or $12,000, this being his personal recollection of the accounts which he thinks were then outstanding. The point is material inasmuch as the Commissioner has increased gross income by the amount of accounts receivable at the end of the year in excess of those at the beginning. We are not satisfied from the evidence that the taxpayer has any substantial grounds for fixing the amount claimed as the accounts receivable on January 1, 1919. He claims that memoranda of his accounts receivable were in part destroyed after 1919, but is unable to explain why some of the accounts were destroyed and others were not. The bookkeeper who might have testified directly with respect to these matters, he stated, had left town and her whereabouts were unknown to him.

We are satisfied that the taxpayer expended the sums above mentioned as an incident to business trips and not as personal expenses, and these amounts will be allowed as deductions in determining his

net income subject to tax in the years 1919 and 1920. In other respects the determination of the Commissioner is approved.

ARUNDELL not participating.